CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRINITY S. DALTON, | ) |
| | ) Civil Action No. 7:17CV00519 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| NANCY A. BERRYHILL, Acting | ) Senior United States District Judge |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disabled child's insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 402(d) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Trinity S. Dalton, was born on November 7, 1990. Mr. Dalton eventually graduated from high school with a modified diploma at the age of 19. (Tr. 820). He has no history of past relevant work. (Tr. 36, 68).

On September 13, 2013, Mr. Dalton filed applications for disabled child's insurance benefits and supplemental security income benefits. In filing his current claims, Mr. Dalton alleged that he became disabled for all forms of substantial gainful employment on March 18,

2012, due to a heart condition and problems with his right hip. (Tr. 246). Mr. Dalton now maintains that he has remained disabled to the present time.

Mr. Dalton's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 23, 2016, the Law Judge also determined, after applying the five-step sequential evaluation process, that Mr. Dalton is not disabled. See 20 C.F.R. §§ 404.1520 and 416.920.[1] The Law Judge found that Mr. Dalton suffers from several severe impairments, including "status post aortic tear requiring stent placement, status post open reduction internal fixation [of] the right hip, and [a] learning disability," but that these impairments do not, either individually or in combination, meet or medically equal the requirements of a listed impairment. (Tr. 30–31). The Law Judge then assessed Mr. Dalton's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), in that the claimant is able to frequently lift and carry 10 pounds, occasionally lift and carry 20 pounds, and sit for six hours and stand/walk for four hours in an eight-hour period. In addition, the claimant can never climb ladders, ropes, or scaffolds, can occasionally climb ramps or stairs, kneel, or crawl, can frequently stoop or crouch, and should avoid concentrated exposure to hazards.

---

[1] A claim for disabled child's insurance benefits "is analyzed under the same five-step sequential process used to determine disability for purposes of disability insurance benefits and supplemental security income, and the claimant must also have a disability that began before [he] reached age 22." Hicks v. Colvin, No. 7:12-cv-00618, 2014 U.S. Dist. LEXIS 22274, at *4 n.2 (W.D. Va. Feb. 20, 2014) (citations omitted). The process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and (5) if not, whether he can perform other work in the national economy. 20 C.F.R. §§ 404.1520 and 416.920. If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. Id.

(Tr. 32). Given this residual functional capacity, and after considering the testimony of a vocational expert, the Law Judge determined that Mr. Dalton retains sufficient functional capacity to perform certain unskilled, sedentary work roles existing in significant number in the national economy. (Tr. 36). Accordingly, the Law Judge concluded that Mr. Dalton is not disabled, and that he is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.350(a)(5), 404.1520(g), and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Dalton has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

On appeal, Mr. Dalton raises several arguments, including that the Law Judge erred in determining his residual functional capacity and presented a legally insufficient hypothetical to the vocational expert. After reviewing the record and considering the parties' arguments, the court finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

The administrative record reveals that Mr. Dalton has a specific learning disability for which he received special education services in school. (Tr. 820, 821, 827, 865). At step two of the sequential evaluation process, the Law Judge found that plaintiff's learning disability "cause[s] significant functional limitations" and therefore qualifies as a "severe" mental impairment under the applicable regulations. (Tr. 30). Additionally, at step three of the sequential process, the Law Judge determined that plaintiff's mental impairment results in "moderate difficulties" with "concentration, persistence or pace." (Tr. 31). Although the Law Judge did not include any restrictions related to plaintiff's learning disability in his residual functional capacity assessment or the initial hypothetical presented to the vocational expert (Tr. 32, 68), the vocational expert voluntarily added a limitation to "unskilled" work. (Tr. 68) ("I think the hypothetical best frames the sedentary work, obviously, unskilled. Further, I suggest we look at production-oriented work."). The vocational expert then identified several unskilled, sedentary jobs that could be performed by an individual with the limitations described by the Law Judge. (Tr. 68). In particular, the vocational expert testified that the "residual occupational base" would include the jobs of assembler, bagger/stuffer, and inspector/tester. (Tr. 68–69). The Law Judge ultimately relied on the testimony of the vocational expert in determining that "there are jobs in significant numbers in the national economy that the claimant can perform." (Tr. 36).

In the court's view, the difficulty with the Law Judge's evaluation of plaintiff's mental impairment is two-fold. First, the Law Judge's opinion appears to correlate an ability to perform simple tasks with the ability to maintain concentration, persistence, and pace. On page 8 of his decision, the Law Judge summarily states as follows:

> As there is no allegation or evidence of any problems with social interaction, the undersigned finds that the claimant has no difficulty maintaining social functioning. However, the undersigned finds that the mental impairment causes moderate difficulties in

4

> maintaining concentration, persistence, or pace. Thus, the undersigned finds that restrictions imposed by [the] learning disability are limited to inability to perform work that is not unskilled in nature.

(Tr. 35). The court agrees with the plaintiff that the Law Judge's conclusory analysis conflicts with the decision of the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). In Mascio, the Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task," and that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638. Thus, merely limiting a claimant to unskilled work, without any further explanation, is insufficient under Mascio. See id. ("Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity . . . . But because the ALJ here gave no explanation, a remand is in order.").

For similar reasons, the court is also unable to conclude that the Law Judge presented a legally sufficient hypothetical to the vocational expert. While the Law Judge adopted the vocational expert's opinion that plaintiff can perform production-oriented work as an assembler, stuffer, or inspector, the vocational expert was not asked to consider the significance of moderate limitations in concentration, persistence, or pace in the performance of such jobs, all of which would seemingly require attendance to task. Nevertheless, the Law Judge relied on the testimony of the vocational expert in determining that there are jobs existing in significant numbers in the national economy which Mr. Dalton can perform.

In Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989), the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.

Id. at 50 (citations omitted).

In his opinion, the Law Judge did not offer any specific rationale for omitting moderate limitations in concentration, persistence, or pace from the hypothetical question on which the vocational expert's opinion was based. The court is simply unable to conclude that this particular hypothetical question, which was devoid of any mental restrictions, was sufficient to alert the vocational expert to the existence of moderate limitations in plaintiff's concentration, work persistence, and attendance to task. The court believes that consideration of such limitations would be important in assessing a claimant's capacity to perform the jobs identified by the vocational expert. Indeed, in response to additional questions, the vocational expert testified that those very same jobs would no longer be available if the hypothetical individual was distracted from working for at least 20 percent of the workday. (Tr. 70).

Moreover, the Fourth Circuit has specifically held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1776, 1180 (11th Cir. 2011)). The court recognizes that Mascio does not stand for the proposition that moderate limitations in concentration, persistence, or pace always translate into a limitation in a claimant's residual functional capacity. Rather, as indicated above, the decision underscores the Law Judge's duty to explain how his residual functional

capacity findings adequately account for a claimant's work-related limitations. In this case, the Law Judge did not provide such explanation. Consequently, "a remand is in order." Id.

For the reasons stated, the court finds "good cause" to remand this case to the Commissioner for further development and consideration.[2] If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This 30th day of October, 2018.

                                     _____
                                     Senior United States District Judge

---

[2] In light of the court's decision to remand the case to the Commissioner, the court declines to address Mr. Dalton's remaining claims of error.